ALEX. R. GRAHAM, Respondent, *v.* WILLIAM ROSEBURGH *et al.*, Appellants.

1. *Equity — Election, general principle of.* — The general principle of election is frequently applied by courts of equity in cases of wills, and rests upon the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims, in cases where there is a clear intention of the person from whom he derives one, that he should not enjoy both.

2. *Equity—Specific performance—Election.*—A testator made a devise of "the residue" of his estate, in trust for the use and benefit of his heirs, among whom was A. Afterward the testator agreed to convey to A. a certain tract in Shelby county, which tract A. proceeded to possess and improve. On testator's death, the trustees paid over to A. his portion of the uses and profits derived from the "residue." In suit against the trustees for specific performance of testator's contract to convey, *held,* that A. would not be compelled to elect between the rents and profits of his share in the residue and the land in controversy. The disposal of the Shelby land during the lifetime of the testator took it out of the residuary clause, and showed that he had no intention to include that property in the devise.

*Appeal from Sixth District Court.*

*H. S. Lipscomb* and *J. F. Benjamin,* for respondent.

*James Carr,* for appellants.

WAGNER, Judge, delivered the opinion of the court.

This was a suit for specific performance, and the petition states substantially that John Graham, the father of the plaintiff, resided in Pittsburg, Pa., and died in February, 1869; that he was seized in fee simple of several tracts of land lying in the State of Missouri, among which was a tract in Shelby; that by the provisions of his last will and testament, dated March 20, 1866, he devised the residue of all his estate to defendants as executors and trustees, for the use and benefit of his three sons, one of whom was plaintiff, during their respective lives, and, at their deaths, to be distributed to their children then living; that defendants accepted the trust, and that one of the sons of the testator died previous to the death of the testator, leaving no descendants; that in August, 1868, the testator promised and agreed in writing, that in consideration of natural love and affection, and the further consideration that one McMurtry, who was the father-in-law of plaintiff, would deed to plaintiff forty acres of timber land near the tract before mentioned, he would convey to plaintiff the same tract as soon as he was able to come to Missouri, and that he authorized plaintiff to take possession of said land and make improvements thereon; that by virtue of said promise he took possession of the land, the same being all prairie, and erected thereon an expensive dwelling, and made other valuable improvements, and is still in possession; that the condition contained in the promise, that McMurtry should convey the forty acres of timber land, has been fully complied with, and that the testator came to Missouri in the fall of 1868, for the purpose, among other things, of executing a deed conveying the land to plaintiff, but upon his arrival in this State he was prostrated with sickness and unable to do so, and that he lingered and finally died

without making the deed. The bill, in conclusion, asked for a decree vesting the title in the plaintiff.

The answer denied all the allegations in reference to the agreement or promise for the conveyance of the land, and for a further defense set up that at the time of making the will, and at the time of the death of the testator, the testator was seized and possessed of a large amount of real, personal, and mixed property; that he owned a large and valuable tract of land in Ralls county, which he devised to defendants as trustees for the use of the plaintiff, for and during the term of his natural life, and then to his descendants; that, in addition to the foregoing specific devise to the defendants as trustees for the use and benefit of the plaintiff, the testator, after bequeathing some specific legacies to other persons, devised and bequeathed all the rest and residue of his estate, real, personal, and mixed, to the defendants as executors and trustees, to be held by them in trust, and to receive and collect the rents, profits, dividends and income of said residuary estate, and to divide the same semi-annually into three equal parts or shares, óne of which they were required to pay to the plaintiff, and 'the other two shares to the other two sons of the testator, during the continuance of the said trust; that on the —— day of ———, 1869, the defendants paid to the plaintiff the one-third part of the rents, profits, dividends, and income of the said residuary estate, as his semi-annual part or share thereof; and he, with a full knowledge of the provisions of said will, accepted and received said part or share in full payment and satisfaction of his share or part in said residuary estate.

There is, then, an averment of the readiness of the defendants to place plaintiff in possession of the Ralls county lands, and that plaintiff had elected to accept the provisions of the will in lieu of the land described in his petition.

There was a demurrer to so much of the answer as set out the provisions of the will and insisted on an election, on the ground that it constituted no defense. This demurrer was sustained, and the court rendered judgment thereon and found all the facts for the plaintiff as stated in the petition, and rendered a decree accordingly. The only question is whether that part of the answer

8—VOL. XLVII.

stricken out constituted any defense, and, if true, was sufficient to invoke the doctrine of election.

The principle of election is frequently applied by courts of equity in cases of wills, and rests upon the obligation imposed on a party to choose between two inconsistent or alternative rights or claims in cases where there is a clear intention of the person from whom he derives one, that he should not enjoy both.

If the property in question was intended to be conveyed by the testator to the trustees so as to create a trust and vest the entire legal estate in the trustees, the provision made for the plaintiff would be inconsistent with the right he now claims, and he would be bound to elect. In that case the claim here set up, if allowed to prevail, would inevitably defeat the scheme of the will so far as collecting and paying over the profits and incomes derived from the entire residuary estate is concerned.

But it is nowhere averred in the answer that the testator devised the specific lands in dispute. It is stated that he devised all the rest and residue of his estate, but whether that was intended to include this property is the question to be solved. The will was made in 1866, and at that time the residue undoubtedly comprehended everything that was not specifically devised. But subsequently the testator, for certain considerations, agreed to give and convey to the plaintiff this tract of land. Upon the strength of that agreement the plaintiff complied with the conditions, entered upon the land, and made valuable improvements thereon. This, then, was a disposal of the property during the lifetime of the testator, and took it out of the residuary clause. As this property was disposed of, it did not in any wise impair or alter the provisions of the will, and it was so unquestionably looked upon by the testator at his death.

Viewed in this light, there is nothing here requiring an election. There is no such repugnancy or inconsistency as to destroy the intention of the testator, as evidenced by his will, and at the same time admit the claim of the plaintiff.

Judgment affirmed. The other judges concur.