FRANK H. AUSTIN, Appellant, v. GEORGE R. COLLINS.—297 S. W. 36.

Division Two, June 23, 1927.

**1. WILL: Election of Benefits: Waiver of Curtesy.** A husband may elect to accept of other benefits under his wife's will in lieu of his curtesy, and thereby renounce curtesy. Where the wife's will gave all her real estate to her minor children, and appointed her husband executor of her estate and trustee during their minority of the property given to the minors, and he accepted both appointments and fully administered her estate, and after his discharge as executor held the property in trust and managed it for the devisees, he elected to take under the will, and waived his curtesy, and such supposed curtesy is not subject to sale under a judgment for debt in favor of his creditors rendered before testatrix's death.

**2. ——: ——: ——: Inconsistency: Creditors.** The husband having renounced curtesy consummate in his wife's real estate by accepting benefits under her will inconsistent with his curtesy right therein, he cannot thereafter assert such right, and much less can his creditors assert such right for him.

**3. ——: Curtesy: Election: Waiver by Acquiescence.** By statute (Sec. 536, R. S. 1909) a wife had the right to devise her real estate subject to the right of her husband to curtesy therein; and where her will disposed of his curtesy and made other provisions for him and he accepted of the provisions thus made in lieu of his curtesy right, his election necessarily became effective from her death and the later situation is the same as if he never had any curtesy right in her real estate, and her will could be defeated only in the way provided by statute, which was to formally renounce her will and elect to take his curtesy in lieu of the benefits accruing to him under it, and that renunciation and election his creditors cannot make for him.

---

Corpus Juris-Cyc. References: Wills, 40 Cyc., p. 1959, n. 93; p. 1972, n. 86; p. 1973, n. 90; p. 1979, n. 54, 56.

Appeal from Jackson Circuit Court.—*Hon. Charles B. Pence,* Judge.

AFFIRMED.

*John D. Wendorff* for appellant.

(1) The marriage of the defendant to his wife, the birth of a child of said marriage, and the ownership of the property in question, vested in the defendant an estate by the curtesy initiate, and upon the death of his wife that estate by the curtesy became consummate in the defendant. Myers v. Hansbrough, 202 Mo. 495; Teckenbrock v. McLaughlin, 249 Mo. 711, 152 S. W. 38. (2) Respondent's wife could not and did not by her will defeat respondent's estate by the curtesy in her real estate. Sec. 506, R. S. 1919; Lynch v. Jones, 247 S. W. 123; Book v. Barker, 287 Mo. 13, 228 S. W. 805; Myers v. Hansbrough, 202 Mo. 495; Mosley v. Bogy, 272 Mo. 319. (3) The estate by the curtesy is subject to sale on execution for the debts of the defendant. Teckenbrock v. McLaughlin, 246 Mo. 711, 152 S. W. 38; Healy v. Tillsbery, 192 Mo. App. 509, 183 S. W. 666; 23 C. J. 338, sec. 73, 8; 17 C. J. 430, sec. 37, 3.

*Samuel J. McWilliams* and *Gerson B. Silverman* for respondent.

(1) The husband of the deceased mother and father of the infant children has a homestead in his life estate as tenant by the curtesy, if he has such life estate, or curtesy. Kendall v. Powers, 96 Mo. 142; Hart v. Leete, 104 Mo. 337; Bank v. Guthery, 127 Mo. 189; Richter v. Bohnsack, 144 Mo. 518. (2) If respondent had an estate by the curtesy, then the sale on execution, without setting off the homestead, is void, and the plaintiff, being the purchaser, is not a bona-fide innocent purchaser. Macke v. Byrd, 131 Mo. 682; Ratliff v. Graves, 132 Mo. 76; Creech v. Childers, 156 Mo. 338. (3) "A failure of the sheriff to apprise the defendant of his exemptions, and set-off, is good ground for setting aside the sale of real estate made in pursuance of execution." Stinson v. Call, 163 Mo. 323; Volger v. Montgomery, 54 Mo. 583; Peake v. Cameron, 102 Mo. 574. (4) Any married woman may devise her land by will, subject to the rights of the husband, if any to his curtesy therein. Sec. 506, R. S. 1919. The estate of the husband both by the curtesy initiate and by the curtesy consummate, is completely wiped out by a conveyance by the wife of her separate real estate during her lifetime, regardless of his failure or refusal to join in her deed. Book v. Barker, 287 Mo. 131. (5) When respondent accepted his wife's will, he elected to take a fee-simple title as trustee for his children, he accepted the trust under the will, carried out the terms of the will, acted as executor under the will, and in pursuance thereto settled the estate in the probate court, and respondent's election was final and conclusive, and he extinguished

any right or claim to an estate by the curtesy.  Lynch v. Jones, 247 S. W. 123.

BLAIR, J.—This is a suit in ejectment to recover the possession of a house and lot in Kansas City.  On the trial before the court judgment was entered for the defendant (respondent here), and plaintiff appealed.

Respondent's wife purchased the property with her separate means on October 29, 1913.  She died January 26, 1916, leaving surviving her the respondent and two minor children.  She left a will, whereby she devised the real estate in question to her said two minor children and directed that such real estate be held in trust by respondent for the use and benefit of said children until they reached maturity.

The property was the separate real estate of respondent's deceased wife.  There was seizin by her during coverture and issue born alive. Every element of curtesy initiate was present.  Yet respondent's wife, by her said will, undertook to devise the entire estate in said property to her minor children, to the exclusion of respondent's right of curtesy therein, if any he had.  Respondent was named as executor under said will and qualified as such and fully executed the provisions of the will; made final report of his administration and was finally discharged as executor.  Since October 1, 1917, and also at the time this suit was commenced, respondent and said surviving minor children were living in the house upon one of the lots in question.  Respondent was guardian of said children and curator of their estates at that time.  He also claimed homestead rights in said property for himself and said children.

In October, 1911, and prior to the acquisition of the property by respondent's wife, appellant instituted a suit against respondent in the Jackson County Circuit Court to recover the sum of $750 which he claimed respondent owed him.  On February 17, 1915, this suit ripened into a judgment against respondent in the sum of $862.  On April 6, 1918, the Sheriff of Jackson County sold all of the right, title and interest of respondent in and to said real estate under and by virtue of an execution issued on said $862 judgment against respondent.  On July 18, 1921, appellant filed the suit, now before us upon appeal, asking possession of the property with damages for its detention and assessment of monthly rentals.  The answer and cross-petition pleaded several alleged defenses, which need not here be separately stated.

Broadly stated, the question presented by this record is whether appellant became entitled to the use and possession of said property during the life of respondent by reason of the sale under execution of all of respondent's right, title and interest in said real estate. Appellant contends that respondent became entitled to the use and

possession of said real estate upon the death of respondent's wife, notwithstanding the will; that said will was ineffectual to cut off respondent's curtesy consummate and that such estate by the curtesy devolved upon respondent as a matter of law, regardless of the fact that he acquiesced in the disposition of the property attempted to be made by his wife in her will and that he made no claim to curtesy consummate therein.

Among other things, the trial court held that the respondent's wife had the power to cut off respondent's curtesy by her will devising her separate real estate to her children, regardless of his acceptance of the will as made, and, even if she did not have the power to do this, that the creditors of respondent could not claim curtesy for him and that he had no right of curtesy in this property and the other lot mentioned in his cross-petition because he was appointed executor of such estate and as trustee to administer the property for his children and accepted both appointments and thereby elected to take under the will and waived his curtesy rights.

It is hornbook law that one may not accept the benefits of the provisions of a will which are favorable to him and at the same time renounce the will in so far only as it imposes burdens upon him. [Lindsley v. Patterson, 177 S. W. 826, l. c. 832; Wood v. Trust Co., 265 Mo. 511, l. c. 525; Moseley v. Bogy, 272 Mo. 319, l. c. 329; Fox v. Windes, 127 Mo. 502, l. c. 511; Schorr v. Etling, 124 Mo. 42, l. c. 47; Pemberton v. Pemberton, 29 Mo. 408.] In the Pemberton case Judge SCOTT quoted from the opinion of Judge MARSHALL in Herbert v. Wren, 7 Cranch, 378, as follows:

" 'It is a maxim in a court of equity not to permit the same person to hold under and against a will. If, therefore, it be manifest, from the face of the will, that the testator did not intend the provision it contains for his widow to be in addition to dower, but to be in lieu of it; if his intention, discovered in other parts of the will, must be defeated by the allotment of dower to the widow, she must renounce either her dower, or the benefit she claims under the will. But if the two provisions may stand well together, if it may fairly be presumed that the testator intended the devise or bequest to his wife as additional to her dower, then she may hold both.' "

In the case at bar it is clearly manifest that Mrs. Collins did not intend that respondent should have a life estate in the real estate. She gave the entire estate to her children and his nomination as trustee to handle the said real estate for their exclusive benefit, until they reached their majority, absolutely precludes any such notion.

Both the right to administer the estate of his deceased wife as executor and the right to handle the property for his sons as trustee were valuable rights. Respondent had the right to compensation for his services rendered in each capacity. He therefore received substantial

benefits under the will.   This record discloses a situation which in-
dicates that the rights to administer the estate as executor and to
handle the real estate as trustee for his minor sons, even though such
rights may have been of small value in themselves, were much more
desirable and valuable to respondent than any right of curtesy he
might have claimed, in view of the attitude of his creditors.   Such
situation confirms us in the belief that respondent elected to take un-
der the will and waive his rights as husband of testatrix.

In Moseley v. Bogy, supra, which was an opinion by Court en
Banc, the wife of defendant made a will devising one-half of her real
estate to her husband in fee simple, the other half likewise to her chil-
dren. . Defendant qualified as executor and administered the estate.
There was no personal property.   It was said that the authorities are
conflicting as to whether the mere qualifying and acting as executor
is an election to take under the will.   After citing and discussing
numerous cases from other jurisdictions, WHITE, C., said:

"In this case the acts of Bernard P. Bogy, in proving the will and
qualifying under it, are inconsistent with any theory except an elec-
tion to take under it.   The absence of personal property emphasized
the character of his acts.   He could not say that he might execute the
will in any particular and leave the real estate intact.   The only
property to be affected by it, as he must have known when he proved
it, was the real estate now in dispute.   His only reason for probating
it and qualifying as executor was to carry out its provisions relating
to the real estate.   He received a benefit under it, because he acquired
the vendible fee-simple title to the half interest which it gave him.
He had full knowledge of his rights.   He knew what the law would
give him independent of the will, and he knew what the will would
give him.   He knew all the property affected by the provisions of
the will.   Having that knowledge he deliberately chose to put the will
into effect, declaring that he would execute its provisions.; therefore
he elected to take under it."

While in the case at bar the will of respondent's wife purported
to dispose of personal property, which might explain the acceptance
by respondent of the appointment as executor in order to administer
the personal estate independent of the real estate, yet the acceptance
of the trusteeship for the minor children, involving the management
of the real estate for their sole benefit to the exclusion of respondent's
personal interest therein, was utterly inconsistent with any intention
on the part of respondent to assert his rights, if any, to. curtesy con-
summate in said real estate.   The case of Moseley v. Bogy is controll-
ing and we must hold that respondent accepted the advantageous pro-
visions of the will and thereby renounced whatever rights he had to
take the property as life tenant by the curtesy.   Since respondent
accepted the will and renounced whatever rights he had as. husband

of his deceased wife, he could not thereafter assert such rights.  For a still stronger reason his creditors could not assert such rights for him.

A case quite similar to the case at bar is Shields v. Keys, 24 Iowa, 298, cited by Judge Pence, from which we quote, beginning at page 309:

"Upon the death of either husband or wife, the survivor is entitled to one-third in value of the real estate of which the deceased was seized during the coverture, etc., as dower.  By our statute, the husband of a deceased wife takes the same interest in her real estate, as the widow of a deceased husband takes in his, and the estate by curtesy is abolished. [Rev. Sec. 2479.]  Our statute also enacts (Rev. Secs. 2435-1407) : 'The widow's dower cannot be affected by any will of her husband, if she objects thereto, and relinquishes all rights conferred upon her by will.'  This section, by force of the one just before cited, applies also to the rights of the husband under any will of his wife.

"In this case, the wife, Margaret E. Shields, devised the real estate in controversy to her son Alexander; and, that being all her property, she made no provision for her husband, or her other children.  The husband does not object to this will of his wife, but assents thereto, and waives all claim of dower in the real estate devised thereby.  The defendant in this action claims that, if the whole of the real estate in controversy is not subject to his execution as the property of John H. Shields, at the least, one-third thereof, it being his dower interest therein, is subject thereto.  And the question is presented, whether a person entitled to dower at his or her election may waive such right to the prejudice of creditors.

"If the one-third in fee (the dower right under our statute) was cast by operation of law, at the death of the wife, upon the husband, then, such title being thereby vested in the husband, the lien of any judgment against him would attach to such title, and he could not divest himself of it to the prejudice of his judgment creditors; nor, perhaps, could he do so voluntarily, to the prejudice of any creditors, whether they had judgment liens or not.

"But, under the peculiar provisions of our statute, the *will* passes the title at once to the devisee, subject to be divested or defeated by the objection of the party entitled to dower.  If the party thus entitled do not object, the devisee, it is clear, takes *by the will,* and would not be held to take the title or any portion of it from the party, who might, on objection made, have become entitled to the third thereof.

"From this it appears, that no absolute or positive legal rights in the property have as yet accrued to the defendant by virtue of his judgment, or the lien thereof.  At most, it is but a supposed equity which would authorize the judgment creditor to control the election

of his debtor, as to whether he would take under the will or the statute.  Let us inquire as to the potency of that supposed equity.

"If the wife had seen fit, prior to her death, to make a voluntary conveyance of the property to her son, there is no question but that the husband might have joined in the conveyance, and thereby have defeated any claim therein after her death, either by himself or creditors.  Now, suppose that the wife preferred to pass the title to the son by a devise, rather than by deed, and the husband consented thereto, or did not object, and does not afterward object.  The title would pass just as effectually by the will as by the deed, and the creditors are no more injuriously affected by the one than the other; nor is there a more potent equity for them in the one case than in the other.  It seems to us, therefore, that the creditors have not the right to control the husband as to his election to take under the will or statute, or to compel him to object to the will, and insist upon dower, in order that the same may be subjected to the payment of his debt."

By virtue of Section 536, Revised Statutes 1909 (Sec. 506, R. S. 1919, repealed and re-enacted, Laws 1921, page 117), respondent's wife had the right to devise by will the real estate in question subject to the rights of respondent, if any, to curtesy therein.  Under Moseley v. Bogy, supra, and other cases, it is manifest that, regardless of whether or not the surviving husband's estate by the curtesy in Missouri is an estate cast upon him by operation of law upon the death of his wife, when the will of the deceased wife purports to make disposition of the husband's interest in lands and makes other provisions for him and he accepts the provisions of the will in lieu of his curtesy right, his election necessarily becomes effective from the death of his wife and the situation is the same as if he never had any curtesy rights in her real estate.  Such a will is effective from the death of the wife or not at all.  It is only subject to be defeated in its purported disposition of her husband's estate by the curtesy in her lands when he renounces the provisions of the will and elects to take under the law and not under the will.  [Wood v. Conqueror Trust Co., 265 Mo. 511.]

We hold that the will of respondent's wife disposed of the entire estate in the lots in question and that such disposition became effective from and upon the death of his wife and continued in effect thereafter, because respondent did not renounce the will and the benefit accruing to him thereunder, but on the contrary accepted the provisions of the will and is now bound thereby and that respondent never had any interest in the lots which could be levied upon and sold under execution upon the judgment rendered against respondent and that appellant took no title by reason of the sale of said lots under appellant's execution.

It therefore becomes unnecessary to consider , or determine ;the question of the right of the wife generally to make testamentary disposition of her separate real estate and thereby defeat the claim of her surviving husband to curtesy therein, independent of election by him to take under the will.

Likewise, other defenses presented in respondent's answer need not be noticed. As respondent had no interest in the real estate devised by his wife to the minor children, the sale to appellant by the sheriff under the execution against respondent was ineffectual ·to convey to appellant any interest in the real estate in question.

The judgment was clearly for the right party and should be affirmed. It is so ordered. All concur.