MARTHA LANSDALE, Appellant, v. A. C. DEARING and HOWELL GAINES, as Individuals and as Executors of the Will and Estate of WILLIAM J. DEARING, Deceased, and PAUL JONES.—No. 38431.—173 S. W. (2d) 25.

Division One, July 6, 1943.

*M. D. Campbell* and *A. D. Campbell* for appellant.

*D. R. Hughes, John R. Hughes, Waldo Edwards* and *D. L. Dempsey* for respondents.

DOUGLAS, P. J.—This is an action under a will to force defendants to turn over to testator's estate properties given them by testator during his lifetime on the ground defendants Dearing and Gaines were put to an election between retaining the properties or taking under the will and have elected to take under the will.

On September 3, 1938 testator made his will which, after making a number of cash bequests continued as follows:

"Item 25. I give and bequeath all of my shares of the capital stock of the Macon-Atlanta State Bank of Macon, Missouri, consisting of Two hundred thirteen (213) shares, to Howell Gaines and Paul L. Jones, as Trustees, to be held in trust by them for a period of five (5) years from the date that they are legally authorized to receive it, to be managed as follows:

"That the said Trustees are hereby authorized and empowered to collect all the earnings, profits, income and dividends on said stock that may arise during said period, and pay the same to my brother Alvin C. Dearing and my sister Martha Lansdale, in equal shares as they accrue, but should either of them be dead when the payments are to be made, the survivor is to receive all of said payments. If both of them are dead said payments are to be made to Howell Gaines. . . . Said stock shall not be sold, encumbered, pledged or transferred for five (5) years by said Trustees.

"It is my intention to preserve said stock intact for the protection and continuation of the interest of said bank.

"At the expiration of said five (5) years, I hereby give and bequeath that said stock shall be divided as follows:—

"Twenty-five (25) shares to Paul L. Jones.

"One hundred seventy five (175) shares to Howell Gaines.

"Said Trustees shall have certificates of stock issued to said persons as herein provided.

"Item 26. I have made no disposition of the remaining thirteen (13) shares of the capital stock of the Macon-Atlanta State Bank, of Macon, Missouri, and if said shares are owned by me at the time of my death, the same shall revert to and become a part of the residue of my estate.

"Item 27. I hereby authorize and empower my Executors to convert all of the rest, residue and remainder of my property, real,

360

personal or mixed, of whatsoever kind and wheresoever situate, into money, . . . .

"My Executors are also empowered to rent my real estate until it is sold. After said property has been converted as herein provided, I hereby give and bequeath one-half of the proceeds to my brother Alvin C. Dearing and one-half to my sister Martha Lansdale, and should either my brother or sister not be living at the time of said distribution, his or her share shall be paid to their heirs.

"Item 28. I hereby appoint Alvin C. Dearing and Howell Gaines to the Executors of this my last will and testament.

"Item 29. In the event that any contest of this Will is instituted, or any attempt made to subvert its purpose by any of the benefi-- ciaries named herein, then and in that event, the provisions made for such beneficiaries shall be cancelled and the sum of One Dollar ($1.00) shall be paid to such beneficiaries as their full share and portion of my estate."

In March, 1940 testator conveyed to defendant Dearing, his brother, a number of tracts of land located in Lewis, Jackson, Macon and Randolph Counties. It appears that the deeds for these tracts were recorded within a short time after they were made. Testator also transferred 214 shares of the Macon-Atlanta Bank to defendant Dearing. About the same time testator transferred to defendant Gaines 65 shares preferred and 25 shares common stock of the Central Loan Corporation.

In April, 1940 testator made a codicil to his will revoking a cash bequest and otherwise ratifying his will.

A year later testator died. His will was probated and defendants Dearing and Gaines qualified as executors.

Thereafter this suit was filed by appellant, a sister of testator and a beneficiary under the will, asking that the various deeds and transfers be set aside and the properties returned to testator's estate. Plaintiff also alleges in her petition respondent Dearing after the probate of the will transferred 25 shares of the bank stock to defendant Jones and prays the transfer be set aside and the 25 shares turned over by Jones to testator's estate. Plaintiff further alleges defendants subverted the purposes of the will by claiming such properties as gifts of the testator in his lifetime [28] and should receive but one dollar in accordance with the terms of the will.

The trial court found all issues in favor of defendants and plaintiff appealed.

Appellant argues that respondents Dearing and Gaines, having elected to take under the will, must return to testator's estate the properties they received from the testator, during the latter's lifetime. Her argument is based on the equitable doctrine of election which imposes the obligation upon a party "to choose between two inconsistent or alternative rights or claims in cases where there is clear

intention of the person from whom he derives one that he should not enjoy both.'' Story's Eq. Jur. 1917, sec. 1451. The doctrine has long been recognized in this State. Graham v. Roseburgh, 47 Mo. 111; O'Reilly v. Nicholson, 45 Mo. 160; Pemberton v. Pemberton, 29 Mo. 409; Sutorius v. Mayor, 350 Mo. 1235, 170 S. W. (2d) 387, 171 S. W. (2d) 69; In re Bernays' Estate, 344 Mo. 135, 126 S. W. (2d) 209, 122 A. L. R. 169; Colvin v. Hutchison, 338 Mo. 576, 92 S. W. (2d) 667, 105 A. L. R. 266; Wood v. Conqueror Trust Co., 265 Mo. 511, 178 S. W. 201; Fox v. Windes, 127 Mo. 502, 30 S. W. 323; Prouse v. Schmidt (Mo.), 156 S. W. (2d) 919; Lindsley v. Patterson (Mo.), 177 S. W. 826, L. R. A. 1915F 680; Moseley v. Bogy, 272 Mo. 319, 198 S. W. 847; Arrington v. McCluer, 326 Mo. 1011, 34 S. W. (2d) 67; Austin v. Collins, 317 Mo. 435, 297 S. W. 36.

The doctrine extends so far as to obligate a person to surrender even his own property in order to accept benefits given him. For example, suppose a testator should devise property belonging to his son to a third party and by the same will make a gift to the son. In order to receive the gift under the will, the son would have to give up his own property to the devisee, or he could elect to relinquish the gift and retain his property. This is so because it is the testator's intention (as deduced from the will) that his son should not have both. The son may take under the will only on the implied condition that he shall give up his own property to the devisee. The purpose of the doctrine is to consummate the intention of the testator.

It is important to bear in mind that the doctrine has no application unless there is ''a clear intention expressed on the part of the testator to give that which is not his property.'' Story, supra, sec. 1462. Under this rule if a testator makes no attempt to dispose of any property but his own there can be no occasion for election.

There are some qualifications to the doctrine. ''. . . . A case of election cannot ordinarily arise where the property is devised in general terms; as a devise of 'all my real estate in A,' which estate is subject to the claims of a devisee or legatee; for it is not apparent that he meant to dispose of any property but what was strictly his own subject to that charge.'' Story, supra, sec. 1463.

Adverting now to the case before us we find the will made no specific mention of any of the lands conveyed to respondent Dearing or of the stock of the Central Loan Company transferred to respondent Gaines. These could pass only under the general provisions of the will. Appellant's argument that respondents, having elected to take under the will may not retain these properties, must rest on the theory that such properties would have formed part of the residue of testator's estate and must be disposed of as the will provides for the disposal of the residue. This argument is not tenable. As we have pointed out, there is no reason for an election when the testator

devises merely his own property. The residuary clause of the will by its very terms is limited to the testator's own property.

In Graham v. Roseburgh, 47 Mo. 111, supra, the, testator's will devised the residue of his estate in trust for his three sons. After making the will he agreed to convey a tract of his land to one of his sons. Before he carried out the agreement he died. The one son claimed the land under the agreement; the other sons claimed the land as part of the residue under the will. They asserted that the one son could not claim under the agreement as he had elected to take under the will. The land in dispute was not specifically mentioned in the will. The court held the agreement to convey amounted to a disposal of the land during the lifetime of the testator which took it out of the residuary clause and there was nothing to require an election. Therefore the one son could properly claim the land under the agreement even though he had also taken under the will.

The bank stock is in a different category because it was specifically bequeathed. Under the terms of the will it was to be held in trust for five years. During this period appellant was to receive [29] one-half of the income. The issue now arises whether respondent Dearing having elected to take under the will is obligated to appellant under the doctrine of election for such portion of the income for five years.

We think the doctrine of election does not apply for two reasons. In the first place the bequest of the bank stock was adeemed by testator's disposal of it during his lifetime. This has been referred to as ademption by extinction. Page, Wills, sec. 1515. This term is applied where a specific legacy has become inoperative because of the withdrawal or disappearance of its subject matter from testator's estate during his lifetime. It is one of the ways in which a legacy lapses. Buder v. Stocke, 343 Mo. 506, 121 S. W. (2d) 852. The bequest of the stock is a specific legacy. Fidelity Nat. Bank & Trust Co. v. Hovey, 319 Mo. 192, 5 S. W. (2d) 437, 73 A. L. R. 1228. Testator, by disposing of the bank stock, himself extinguished the provision of the will. concerning it. Accordingly, it may not be said, as appellant claims, that respondent has defeated such provision by retaining the stock. Where a legacy has been adeemed it cannot be revived by the doctrine of election.

In the second place the stock was owned by testator when he made his will. Testator was disposing merely of his own property. At that time respondent Dearing did not own the stock. Therefore, testator could have had no intention of imposing on respondent Dearing any obligation to elect as to the stock. Nor is there anything in the will to show that the bequest of the stock should operate prospectively so as to impose any obligation on respondent. Under such circumstances the doctrine of election does not apply.

█ The rule that a will speaks from the death of the testator is well established. However, it is equally well settled in arriving at the testator's intention the court should consider his situation and the circumstances and conditions surrounding him. at the time of the execution of the will. As to a specific bequest in particular it is well established that a will speaks as of the time of its execution and the will is not ambulatory as to the meaning of the language used relating to such a bequest. Therefore, in the present case we properly look back to the time of the execution of the will to ascertain whether testator intended to put respondent Dearing to an election as to the bank stock.

We are supported in this conclusion and in our finding that the testator intended no election by Long v. Wier, 2 Rich. Eq. (S. C.) 283, 46 Am. Dec. 51, which involved an identical situation. Testator by his will bequeathed a slave to his son. In the same will he made a gift to his daughter. Sometime after the execution of the will he gave the slave to his daughter. Upon his death the question arose whether the daughter was put to her election between taking under the will or retaining the slave. The court held there was nothing to give rise to an election because at the time of the execution of the will the daughter did not own the slave. Moreover, the gift to the daughter was an ademption of the bequest of the slave to the son. It said: "A will is said to be ambulatory until the death of the testator, and speaks in reference to that time. This is true as to its legal effect—it can only operate upon things as they then exist; but in arriving at the intention, regard must be had to the state of things existing at the time [of the execution of the will]."

Robbins v. Windly, 56 N. C. 286, a case on similar facts, reaches the same conclusion. Moreover, it and Hattersley v. Bissett, 50 N. J. Eq. 577 both hold under such facts as these the doctrine of election cannot be extended to defeat a testator's manifest intention to adeem a legacy.

Cases involving statutory election as to marital rights are not apposite.

█ It is contended we must consider the will as of the date of the codicil because of the rule a codicil draws a will down to its own date. Harvey v. Chouteau, 14 Mo. 587; 68 C. J., Wills, sec. 586. However, such rule is not absolute and is subject to the limitation that the intention of the testator must not be defeated by its application. Harvey v. Chouteau, supra; Hourigan v. McBee (Mo. App.), 130 S. W. (2d) 661. Such rule will not operate to revive legacies which have lapsed or have been revoked, adeemed or satisfied in the interval between the will and the codicil. 68 C. J., Wills, sec. 587. It is not applicable here.

So it follows respondents have not placed themselves within the interdiction of the will that any beneficiary who attempts [30]

to "subvert its purpose" shall forfeit all benefits under the will and take but one dollar. They were under no obligation to elect. The judgment for defendants is affirmed. All concur.