In re the ESTATE OF G. Sheridan
IHL, Glenda S. Lang,
Plaintiff-Respondent,

v.

William J. OETTING and Wendell R.
Hess and Verna Hess,
Defendants-Appellants.

No. 48267.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 1984.

John B. Kistner, St. Louis, for defendants-appellants.

Marian F. Koevenig, Clayton, for plaintiff-respondent.

KAROHL, Judge.

This is an action to construe two provisions of the will of G. Sheridan Ihl. Plaintiff-respondent Glenda S. Lang was the wife of Wendell Richard Hess when the will was made. Glenda and Wendell were divorced between the time the will was executed and the death of Mr. Ihl. Defendant-appellant, Verna Pernell Hess, the current wife of Wendell Richard Hess, seeks to recover under Items 3 and 4 of Mr. Ihl's will. Whether she is entitled to recover rests on the interpretation of G. Sheridan Ihl's will and particularly the construction

to be given to the named beneficiary under those items, "Mrs. Wendell Richard Hess."

Item 3 provides that "[in] the event that I am the owner of the home in which I presently reside at the time of my death known as and numbered 4819 Bessie Avenue, I hereby devise and bequeath same to MR. and MRS. WENDELL RICHARD HESS, or the survivor of them, presently residing at # 17 Barbara Circle, Bridgeton, Missouri 63044." Item 4 provides "I hereby give and bequeath such of the following items as I may own at the time of my death to the persons indicated: A. I hereby give and bequeath to my good friend MRS. ADELE GEISE ... such paintings, lamps, dishes, flat silver, bric-a-brac, figurines, and knicknacks that I own at the time of my death as she may select. Any such item that she does not select shall pass as part of the remainder of my household furnishings under ITEM FOUR B hereafter." The following clause, section B, states that "All of the remaining household contents, furniture, furnishings and household equipment including tools and equipment not hereinafter specifically bequeathed, I give and bequeath to MR. and MRS. WENDELL RICHARD HESS, aforementioned, or the survivor of them."

Mr. Ihl's will was executed on October 26, 1979. He died on March 28, 1983. When the will was executed Wendell Richard Hess was married to Glenda S. Lang. Glenda Lang had married Mr. Hess in 1963. During their marriage and when Mr. Ihl executed his will Glenda Lang lived with Wendell Hess at # 17 Barbara Circle, Bridgeton, Missouri. They were divorced in September 1981. Following the divorce Wendell Richard Hess married the appellant, Verna Pernell Hess, on September 11, 1982. His former wife, Glenda, married a Mr. Lang on November 3, 1981.

Verna Hess claims that Mr. Ihl's will is clear and there is no ambiguity as to the person answering the description of Mrs. Wendell Richard Hess since she alone met that description on the date of Mr. Ihl's death. The appellant concedes that Glenda Lang lived at # 17 Barbara Circle, Bridge-

ton, Missouri under the name of Mrs. Wendell Richard Hess when Mr. Ihl wrote his will. Her position is that the general rule requiring that the testator's will speaks at the time of death should be applied. She bases her claim on the fact that Mr. Ihl knew of Mr. Hess' marriage to her subsequent to executing his will and that his failure to change the named beneficiary indicates his intention to devise and bequeath the property to the person answering the description of Mrs. Wendell Richard Hess at the time of his death. Because she alone met that description her position is that there is no ambiguity and that the trial court erred in allowing extrinsic evidence to be heard in its interpretation and construction of the will.

Respondent maintains that the will contains a latent ambiguity not apparent on the face of the will because the beneficiary, Mrs. Wendell Richard Hess, is further described by the address at which Mr. Hess lived with Glenda Lang when Mr. Ihl wrote his will. Verna Hess never lived at that address.

The trial court held that respondent, Glenda Lang, was the Mrs. Wendell Richard Hess named in the will. The court decreed that

in examining the six (6) page will, court notes testator's careful pattern of adding the street address after the name of each person mentioned in his will.... testator fully intended that 'Mrs. Wendell Richard Hess' who resided at # 17 Barbara Circle Bridgeton, Missouri, to be the beneficiary of such bequests.... that Glenda S. Lang did have a number of contacts with decedent during the period of 1968 or 1969 to a date close to his death ... and that they did share a common interest and appreciation of antiques. The extrinsic evidence received aided the court in understanding the relationship and the intent of decedent in bequeathing his personal residence and a portion of its contents to Glenda S. Lang and her then husband, Wendell Richard Hess.

We conclude that there was a latent ambiguity. The trial court did not err in finding the language of the will ambiguous and correctly interpreted the testator's intent based on the record of surrounding facts and circumstances at the time of the will's execution.

It is the duty of the court in construing a will to determine the intent of the testator. *Trantham v. Trice*, 567 S.W.2d 389, 393 (Mo.App.1978); § 474.430, RSMo. 1978. The testator's intention must be determined by the will itself and not by attempting to guess at what the testator may have meant or what he might have done under certain conditions not expressed in the will. *Evans v. Rankin*, 329 Mo. 411, 44 S.W.2d 644, 646 (1931). But when the terms of the will are not plain and are ambiguous as to what the testator intended, "certain auxiliary rules of construction and any surrounding circumstances must be considered." *Gardner v. Vanlandingham*, 334 Mo. 1054, 69 S.W.2d 947, 950 (1934). When construing a will for the purpose of ascertaining the testator's intention the law recognizes that a reviewing court "should consider [the testator's] situation and the circumstances surrounding testator at the time of the execution of the will." *Shackelford v. Fifer*, 269 S.W.2d 30, 33 (Mo.1954); *Lansdale v. Dearing*, 351 Mo. 356, 173 S.W.2d 25 (1943).

There are two types of latent ambiguities in a will: "(1) . . . where the instrument describes a person or thing and more than one person or thing fits exactly the description or condition in the writing; (2) where no person or thing fits the description or condition but two or more persons or things fit the description in part and imperfectly." *Boatman's Union National Bank v. Welton*, 640 S.W.2d 497, 502 (Mo. App.1982). In the present case, the latent ambiguity arises from the description of the beneficiaries, "Mr. and Mrs. Wendell Richard Hess, or survivor of them, presently residing at # 17 Barbara Circle, Bridgeton, Missouri 63044." At the time of the testator's death Verna Hess met the description of Mrs. Wendell Richard Hess but she never resided at # 17 Barbara Circle. At the time of the will's execution Glenda Lang resided at # 17 Barbara Circle as Mrs. Wendell Richard Hess but she no longer met that description at the time of the testator's death.

Because "a latent ambiguity is only disclosed by extrinsic evidence, it may be removed by extrinsic evidence." *Patch v. White*, 117 U.S. 210, 217, 6 S.Ct. 617, 619, 29 L.Ed. 860 (1886). "The type of extrinsic evidence contemplated is evidence of objective, operative facts . . . which give precise and explicit meaning to the language used by the testator and, thus, compel a clear inference of the testator's exact intent." (citations omitted). *Breckner v. Prestwood*, 600 S.W.2d 52, 55 (Mo.App.1980). The trial court reviewed the terms of the will in light of the facts and surrounding circumstances during the testator's life and at the time of the will's execution and ascertained the testator's intention. Neither party cited any cases in which the court interpreted the particular terminology used in this will and we have found no such case. We note, however, that "by reason of the infinite variety of expressions employed in wills, precedents are of less value in their construction than in many other fields of inquiry." *McElroy v. Fluker*, 265 S.W.2d 361, 363 (Mo.1954).

Appellants argue that the trial court gave undue weight to Glenda Lang's testimony that she had a number of contacts with Mr. Ihl following her divorce from Mr. Hess and that she shared a common interest in antiques with Mr. Ihl. Appellants claim that Mrs. Lang's testimony at trial was inconsistent with the previous deposition and her credibility was therefore impugned. The record indicates that Glenda Lang met Mr. Ihl in 1968 or 1969 and that her association with him continued until his death, that she had discussed antiques with him and had a clear recollection at trial of his home and specifically the antiques in it. The record further reveals that she had periodically visited Mr. Ihl during her marriage and after her divorce from Mr. Hess. The record also indicates that Mr. Hess

sustained his friendship with Mr. Ihl until Mr. Ihl's death and that Verna Hess knew Mr. Ihl some two to three years before Mr. Ihl died.

 In a court tried case "the decree ... for judgment of the trial court will be sustained ... unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares ... or ... applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's judgment regarding the credibility of the witnesses, Rule 73.01(c), and find that there is substantial evidence in the record to support the trial court's finding that Glenda Lang was the intended beneficiary to the devise and specific bequests named in Items 3 and 4 of the will. Accordingly, we affirm the judgment of the trial court.

PUDLOWSKI, P.J., and GAERTNER, J., concur.