APPLEGATE *et al.*, Appellants, v. SMITH *et al.*, Respondents.

1. The question whether after-acquired real estate passes by a will is to be determined by the law of the place where such property is situate; so also the forms and solemnities required to give the will its due attestation and effect.

2. Where a will, executed in Kentucky according to the law of Missouri, is recorded in the former state, and an authenticated copy of such record is recorded in the proper county in this state, a copy of this last record furnishes conclusive proof of the will.

3. By a will executed in Kentucky a testator devised to his wife his whole estate, real, personal and mixed, "wherever situate." After the date of the will the testator acquired land in Missouri. *Held,* that the title to said land passed to the widow under the will; that such title would not be divested by a deed of election executed by such widow declaring that, in case it should be determined that her husband died intestate as to said land, she elected to take one-half thereof subject to debts.

*Appeal from Jefferson Circuit Court.*

*Noell & Beal,* for appellants.

I. A will of real estate, under the statute of wills 32 Hen. VIII., is a conveyance and can not operate on real estate not owned by the testator at the time of the making thereof. The present law of Missouri does not and the statute of 1835 did

not change this rule. The statute of 1807, repealed in 1835, can not be considered by the court now. The present will is different from the will in the case of Liggat v. Hart, 23 Mo. ——. The will was not proved according to the law and should have been excluded. The will should have been proved in the county in which the land lay to affect the after-acquired estate. What does the language of the act of 1835— " all his estate, real, personal and mixed"—mean? It does not refer to the time of his death, but to the time of making the will. The court should not have permitted the copy of the will to be read in evidence. It was not a copy proven up according to our law. The defendants virtually abandoned the recorded copy by taking the deposition of Duncan. This did not remedy the defect. The probate in Kentucky should have shown that Applegate was of sound and disposing mind. Proof by one subscribing witness only is insufficient. (7 Mo. 589.) The proof by Duncan is defective. (2 Atk. 56; 7 Mo. 592.) A copy of the probate of a will in another state is of no effect in this state. (10 Mo. 543.) It must be admitted to probate in this state. The voluntary affidavit of Duncan was inadmissible. The after-acquired property was not embraced in the will. (Story, Confl. of Laws, 479, 474, 52, 62, 430, 363, 373; 9 Pet. 483; 2 Greenl. Ev. § 671.) The election made by the widow had the effect of rejecting the provisions of the will in her favor, and gave her only one-half of the land in case of intestacy, and without any descendants in being capable of inheriting. The election should stand and the condition be rejected. The election to take in opposition to the will is a renunciation of all the benefits of it. (2 Sto. Eq. § 1079, 1085, 1077; 2 Williams on Exec. 1236, 1241; 7 Dana, 5; 6 B. Mon. 435; 3 J. J. Marsh. 365; 1 Dana, 203; 3 Bibb, 448; 10 B. Mon. 3; 3 B. Monr. 174.)

*Frissell*, for respondents.

I. The paper purporting to be the will of Applegate was executed so as to pass real estate in this state. It embraced all the estate of which he died seized. The last probate was sufficient under our law.

Scott, Judge, delivered the opinion of the court.

The plaintiffs were the heirs at law of Thomas Applegate, who was a resident of the state of Kentucky, and died there after having made his will, by which he gave and devised to his wife Martha his whole estate, real, personal and mixed, wherever situated. After the making of this will the testator purchased the land in dispute situated in this state. The will was admitted to probate in Kentucky after it had been proved according to the laws. Our statute authorizes nonresidents, who hold lands in this state, to devise them by a will executed and proved according to the laws of this state, and [provides] that authenticated copies of such wills and the probate thereof, being recorded here, shall be evidence in the same manner as wills probated in this state. The original probate taken in Kentucky not satisfying our law in relation to the probate, the will was proved a second time according to the requirements of our law and recorded. An authenticated copy of this will and probate last made in Kentucky was recorded here, and a copy of it given in evidence, which was excepted to. The defendants also gave in evidence the deposition of the witnesses who proved the will in Kentucky. The defendants gave in evidence a deed of election made by the widow of Applegate, in which she elects, in case it shall be determined that her husband died intestate as to the land in controversy, to take one-half of it subject to the payment of debts. There was a judgment for the defendants, the cause being tried by the court.

The only material point in this case is whether the after-acquired lands passed by the devise to Martha Applegate. The will was made in Kentucky, and by the law of that state there must be something in the will itself which showed that after-acquired lands were intended to be passed by it in order that it may have that effect. A general devise of all his property, or of all his estate, or a general disposition of his land, will not authorize such a deduction. But his intention to devise whatever interests he may own in land at his death must be disclosed by the language used, or by the

actual import of the provisions contained in the will. (10
B. Mon. 2.)   Story, in his Conflict of Laws, speaking of
wills of immovable property or lands, (§ 474) says, that "the
law of the place where the property is locally situate is to
govern as to the capacity of the testator, the extent of his
power to dispose of the property, and the forms and solem-
nities to give the will or testament its due attestation and
effect."   According to this principle, we are to construe the
will with an eye to the laws of Missouri, so far as the land
situated within her limits is concerned.

· We consider that the case of Liggat v. Hart, 23 Mo. 127,
settles the one now under consideration.   That case deter-
mines that the power over the after-acquired lands possessed
by the testator is the same as that which he possesses over
lands which he owned at the making of the will; that with
respect to after-acquired lands, when the question arises
whether they have passed by the will, it is just the same and
to be determined on the same considerations as would deter-
mine the question whether lands owned by the testator at
the date of his will passed by it, or, in other words, that after-
acquired lands, as to the power of disposition, rests on the
same ground as the lands owned by the testator at the date
of his will and the personal estate.   According to this there
can be no question but that the lands in Missouri passed by
the will.   Indeed the words "wherever situate," under the
rule as established in Kentucky, would seem to indicate that
the testator intended to devise away the land in Missouri.

As the copy of the will offered in evidence was sufficient
proof of its probate, we do not see how the plaintiffs were
injured by the deposition of the witness Duncan.   The will
was proved in Kentucky, the residence of the testator, accord-
ing to the laws of this state, and was there recorded.   An
authenticated copy of that record was brought to this state
and recorded in the proper county.   A copy of this last
record was offered in evidence to show title in the defen-
dants.   This, surely, was competent evidence under our stat-
ute of wills.   The deposition of Duncan, then, could do

no harm, as the record was the only legal evidence for prov-
ing the will and was in its nature conclusive and needed no
support.

We do not see how the deed of election affects the rights
of the widow. She did not know whether her title under
the will of her husband would be sustained to the land in
Missouri. He might have been declared intestate as to that
land, and in that event, there being no children, the widow,
by making an election, would obtain a larger share of the
land than if she had failed to do so. In this state of uncer-
tainty as to how the will would be construed, she made an
election to take place in the event she did not obtain the
land under the will. How can that election affect her right
under the will? The title to the land passed by the will,
and she could not be divested of that title by declaring that
if that title failed, she elected to take her dower in a way the
law permitted her to do. The other judges concurring, the
judgment will be affirmed.