SOPHIE M. T. M. GRUNDMANN, Appellant, v. PAUL T. WILDE.—141 S. W. (2d) 778.

Division One, June 28, 1940.

*Edwin C. Luedde* for appellant.

*Case, Voyles & Case* for respondent.

330

GANTT, J.—Action to determine title to Lots 7, 8, 9, 10 and 11 of city block 587, St. Louis, Mo. The common source of title is Henry T. Wilde, who died July 12, 1900. The widow, Friedericke Wilde, son Claus and daughter Sophie survived him. The widow died May 10, 1909. Claus and Sophie survived her. The daughter Sophie is the plaintiff. Paul T. Wilde, the adopted son of Claus Wilde is the defendant. He was adopted by Claus and wife Aug. 15, 1916. Claus died testate May 27, 1937. He gave his estate to the adopted son.

Plaintiff contends that the will of her father Henry T. Wilde gave the lots to her brother Claus for life. Defendant, adopted son of Claus, contends that said will gave the lots in fee to his adoptive

father Claus. The trial court found that said will gave the lots to Claus in fee. Plaintiff appealed.

█ In construing a will we stated a rule as follows:

"Those who deplore technical rules and precision of statement required by the courts in interpreting legal documents, should consider the matter of wills. Of all written instruments, wills are the least formal. Anything written, in any form, goes for a will if it reveals the intention of the maker to dispose of his property at death. Yet wills cause more misunderstandings, more difficulties of interpretation, and more litigation than any other kind of writing; in discovering the intention of the maker, in reconciling his contradictions, in reducing to order his confused purposes. It is our task here to find the general purpose of the testator, to reconcile and coordinate provisions which may appear to be in conflict where such reconciliation and coordination can reasonably be made consistent with the general purpose, and, if the testator was confused in the expression of his desires, to pierce through such confusion and reduce to articulate terms the underlying intent. [2] In doing so we must always keep in mind that the intention of the testator is the guiding principle; that his blood relatives, his heirs, are favorites of the law and entitled to first consideration in doubtful expressions; that a testator however clear of intellect cannot always foresee and provide for contingencies that may arise to hamper interpretation." [Coleman v. Haworth, 320 Mo. 852, 857, 8 S. W. (2d) 931; Gibson v. Gibson, 239 Mo. 490, 503, 506, 144 S. W. 770; Burnett v. Burnett, 244 Mo. 491, 148 S. W. 872; Payne v. Reece, 297 Mo. 54, 247 S. W. 1006.]

In this connection we should consider the statute with reference to the construction of wills, which statute follows:

"All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them." [Sec. 567, R. S. 1929.]

█ "In all devises of lands or other estate in this state, in which the words 'heirs and assigns,' or 'heirs and assigns forever,' are omitted, and no expressions are contained in such will whereby it shall appear that such devise was intended to convey an estate for life only, *and no further devise be made of the devised premises, to take effect after the death of the devisee to whom the same shall be given,* it shall be understood to be the intention of the testator thereby to devise an absolute estate in the same, and shall convey an estate in fee simple to the devisee, for all such devised premises." [Sec. 563, R. S. 1929.] (Italics ours.)

Under the provision in italics, and, absent a fee simple by express grant, a subsequent granting clause of the will should be considered in determining the intent of the testator. [Coleman v. Haworth, 320 Mo. 852, 858, and cases cited, 8 S. W. (2d) 931.]

The material parts of the will of Henry T. Wilde follow:

"Article II. And all the real estate I possess or may be owner of at the time of my death, I give and devise unto my said wife to have and to hold the same during her natural life and with the condition attached, that she do keep the same in good repair, free of all taxes and incumbrances and the improvements properly insured."

"Article VI. Upon the death of my wife, (which will terminate her life estate), in my realty,) it is my will that said real estate shall be disposed of as follows:

"1stly the premises numbered 1237, 1239, 1241 & 1243 Franklin Avenue, in city block No. 271, in the City of St. Louis, State of Missouri, I devise and bequeath upon the death of my wife to my daughter Sophie, Marie, Therese, Mathilda Grundemann, nee Wilde, and 2dly the premises South east corner of 11th street and Case Avenue in City block No. 587 in said city I devise and bequeath upon the death of my wife to my son Claus, Otto Wilde."

"Article VII. The real estate in city block No. 1 (271) and in city block No. 587, as described in Article VI, shall be kept by my children in trust for their lawful issue, the net income of same shall go in their hands for their sole use, but no debts shall be created on same, it shall be kept in good repair, free of all incumbrances, all taxes shall be paid punctually and it shall not be sold by them. In case of the death of either one of my children without leaving lawful issue, then the other child shall inherit her or his share as provided in this Article VII."

Thus it appears that Article VI is an undefined grant of the lots mentioned in city block No. 271 to Sophie, and an undefined grant of the lots (7, 8, 9, 10 & 11) in city block No. 587 to Claus. This article, standing alone, grants a fee simple title to the lots in block 271 to Sophie, and grants a fee simple title to the lots in block 587 to Claus. However, Article VII must be considered in determining the intention of the testator. It is not difficult to determine his intention. He did not intend by the phrase "in trust," as used in said article, to create a trust. The phrase is therein used in a fiduciary sense. Furthermore, the children are severally given the control, management and net income of the respective properties. That is, each child is severally given a life estate in said properties, with remainder in fee to his or her lawful issue. On the death of either child without lawful issue, the surviving child "shall inherit her or his share, *as provided in this Article VII."* In other words, the surviving child is given a life estate in the lots given by testator to the deceased child, with remainder to the lawful issue of the surviving child. Furthermore, by no stretch of imagination could it be ruled that the phrase "lawful issue," as used in the article, includes an adopted child of either of said children of the testator.

On the death of Claus the plaintiff, Sophie Grundmann, became

the owner of a life estate in all the lots granted in blocks 271 and 587, with remainder in fee to her lawful issue.

The judgment should be reversed and the cause remanded with directions to enter a decree in accordance with the rulings of this opinion. It is so ordered. All concur.