FRANK H. GRAVES, Appellant, v. DOUGLAS GRAVES and COMMERCE TRUST COMPANY.—163 S. W. (2d) 544.

Division One, February 26, 1942.

Opinion Modified and Rehearing Denied, April 16, 1942.

Further Rehearing Denied, June 3, 1942.

Motion to Transfer to Banc Overruled, July 1, 1942.

*Martin J. O'Donnell* for appellant.

724

*James E. Goodrich, Hugh M. Hiller* and *Samuel D. Newkirk* for respondent Commerce Trust Company; *Michaels, Blackmar, Newkirk, Eager & Swanson* of counsel.

*Reed & Ingraham, C. Jasper Bell* and *Burr S. Stottle* for respondent Douglas Graves.

CLARK, J.—Suit by the adopted child and only heir of Eugene Henry Graves, Jr., against Douglas Cowherd Graves and Commerce Trust Company to construe the will and recover an interest in the estate of Sallie Cowherd, deceased. The trial court sustained demurrers to plaintiff's petition. Plaintiff declined to plead further and, upon judgment being rendered against him, has appealed.

Sallie Cowherd died in 1919. Her will, dated July 3, 1919, so far as material here, is as follows:

"Second, I give, devise and bequeath to Eugene Henry Graves, Jr., and Douglas Cowherd Graves, and to the heirs of their body" [certain land].

"Third, In the event that either the said Eugene Henry or Douglas Cowherd Graves die without issue, then I give, devise and bequeath . . . the land . . . to the survivor and to the heirs of his body."

"Fourth, I give and bequeath to the Commerce Trust Company in trust for Eugene Henry Graves, Jr., and Douglas Cowherd Graves." [certain personal property.] "Upon the final settlement of my estate." [the executor is directed to pay to the trustee and the latter to] "pay the interest semi-annually to Eugene Henry Graves, Jr., and Douglas Cowherd Graves, until they respectively reach the age of forty years, at which time it is to pay one-half of the principal respectively to Eugene Henry Graves, Jr., upon his reaching the age of forty years and the other one-half to Douglas Cowherd Graves upon his reaching the age of forty years, and in the event that either die without issue before reaching forty years of age, then it shall pay to the survivor the whole of said sum upon his reaching the age of forty years, should either die leaving a child or children then my trustee is directed to pay the guardian of the child

or children the portion that their father would have received had he lived to be forty years of age.''

Eugene Henry Graves, Jr., and Douglas Cowherd Graves were nephews and the only heirs of Sallie Cowherd. In August, 1918, Eugene Henry Graves, Jr., adopted plaintiff in accordance with Sections 9608-9616, Revised Statutes Missouri 1939. [Mo. Stat. Ann., pp. 822-828.] On May 30, 1921, Eugene Henry Graves, Jr., died, before reaching the age of forty years, leaving plaintiff as his sole heir. Upon the death of Eugene Henry Graves, Jr., the trustee paid over the trust fund, amounting to about $25,000.00, to Douglas Cowherd Graves and the latter took possession of all the real estate.

If we understand appellant's contentions, they are substantially as follows: that under the adoption statute appellant became the child of his adoptive father for all legal purposes; that the word "issue" as used in the third and fourth paragraphs and the words "child or children" as used in the fourth paragraph of the will are not synonymous with the term "heirs of the body;" that Eugene Henry Graves, Jr., did not die without "issue" because appellant, as an adopted child, is included within that term; that on the death of the testatrix Eugene Henry Graves, Jr., became vested with both a life estate and a remainder in fee which two estates merged in him and on his death passed to appellant by inheritance; that the will attempted to create two estates tail which cannot be done under Section 3498, Revised Statutes Missouri 1929. [Mo. Stat. Ann., p. 1934.]

In will cases, the first consideration is always to try to ascertain the intention of the testator as gathered from the entire instrument. In this will the intention seems clear. The second paragraph created only a life estate in Eugene Henry Graves, Jr., with remainder to the heirs of his body. The third paragraph did not in any way purport to enlarge the life estate into a fee; it merely provided what should become of the fee after the termination of the life estate. If the life tenant had left "heirs of his body," undoubtedly they would have taken the fee to the exclusion of appellant, for appellant could not be included in that term and he does not so contend. Since if there had been "heirs of the body" they would have taken the fee, then the third paragraph could only refer to the disposition of the fee upon a failure of "heirs of the body." In other words, when testator provided for the disposition of the fee upon the death of the life tenant "without issue" she used that term in the same sense in which she had used "heirs of their body" in the second paragraph. That being the intent of the testator, and no positive statute or rule forbidding, we are bound to give effect to it.

The second and third paragraphs relate to real estate only, while the fourth paragraph relates to personal property only. Yet to us it is equally clear that the testatrix ▮ in the fourth paragraph

used the term "die without issue" in the same sense that she used "without issue" in the third paragraph and "heirs of their body" in the second paragraph. The whole will shows that the testatrix intended to provide for her own blood relatives. We think that the interest of Eugene Henry Graves, Jr., in both the real and personal property terminated at his death and nothing was left for plaintiff to inherit.

Because each will usually differs from all others, it is seldom that precedents are of much value in construing wills. However, the will construed in Grundmann v. Wilde, 346 Mo. 327, 141 S. W. (2d) 778, is so nearly like the will now under consideration as to make that case authority for the conclusions we have reached here. There the will, in article 6, devised separate parcels of real estate to a son and daughter without defining the estate devised. Article 7 provided that upon the death of either child "without leaving lawful issue" the other child should inherit his or her share as provided in this article 7. One of the children, the daughter, died leaving no natural children, but leaving a child who had been adopted under the former adoption statute, supra. We held that the will granted life estates to the testator's son and daughter with remainder in fee to the lawful issue of each; that upon the death of either without leaving lawful issue the property would vest in the survivor for life with remainder in fee to his or her lawful issue; and that an adopted child could not be included in the term "lawful issue."

Appellant argues that Section 9614, supra, compels us to hold that the term "issue" includes an adopted child and also cites St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S. W. (2d) 685. The same statute and the same case were cited in support of the same contention in Grundmann v. Wilde, supra. This statute makes an adopted person the child of the adoptive parent for inheritance and other purposes, and the proviso of the section says that the adopted child shall not be capable of inheriting property expressly limited to the heirs of the body of the adoptive parent.

Instead of giving support to appellant's contentions, the proviso of Section 9614 compels us to hold that appellant cannot inherit any interest in the real estate devised to his adoptive father because it was expressly devised to him and the heirs of his body. Nor does the statute help appellant so far as the personal property is concerned. The proviso prevents an adopted child from inheriting where property is expressly limited to the heirs of the body of the adoptive parent, but it does not say that that is the only way the adopted person can be prevented from inheriting. Certainly he cannot inherit when, as here, the estate of the adoptive father terminates upon his death.

In the case of St. Louis Union Trust Co. v. Hill, supra, the will granted the property at the death of the first taker to his "heirs at

law.'' We held that an adopted person was included in the terms· "heirs at law," but that is not the question in the instant case.

 Appellant contends that the testatrix retained the reversion in fee which was inherited by her nephews at her death and cites many cases to the effect that, when the same person becomes vested with a life estate and the remainder in fee, the lesser estate merges in the greater. The complete answer is that testatrix disposed of her entire estate and that Eugene Henry Graves, Jr., was never vested with the fee.

 Finally appellant says that the testatrix attempted to create two estates tail which could not be done under Section 3498, supra; that the second paragraph of the will having granted an estate to Eugene Henry Graves, Jr., and the heirs of his body, upon his death without bodily heirs the fee reverted to the heirs of the testatrix. Appellant is supported in this contention by the holding in Brown v. Rodgers, 125 Mo. 392, 28 S. W. 630, except that the holding was that upon the death of the life tenant without bodily heirs the fee vested in the collateral heirs of the life tenant instead of the heirs of the testator. The holding in Brown v. Rodgers was based on the predecessor statute of Section 3498 [R. S. Mo. 1845, sec. 5, p. 219], which then provided that upon the death of the first devisee without issue the estate would vest in his heirs. That statute was amended to its present form in 1865. [R. S. 1865, p. 442.] Whether or not Brown v. Rodgers was correctly ruled, we know of no case which has since approved it. On the contrary, we have many times given effect to testamentary provisions similar to that contained in the third paragraph of the will now under consideration. [Grundmann v. Wilde, 346 Mo. 327, 141 S. W. (2d) 778; Hartnett v. Langan, 282 Mo. 471, 222 S. W. 403; Leeper v. Leeper, 347 Mo. 442, 147 S. W. (2d) 660; First Presbyterian Church v. Lynott (Mo.), 78 S. W. (2d) 396; Sullivan v. Garesche, 229 Mo. 496, 129 S. W. 949; Humphreys v. Welling, 341 Mo. 1198, 111 S. W. (2d) 123; Norman v. Horton, 344 Mo. 290, 126 S. W. (2d) 187.]

We hold that the appellant's petition filed in the circuit court showed that he has no interest in the property described and that the court did not err in sustaining the demurrers.

Accordingly, the judgment of the trial court is hereby affirmed. All concur.