## SARAH E. LYON AND OTHERS vs. ABRAM ACKER AND OTHERS.

A will contained the following clause :—" I give to my three daughters, Mary, Susan, and Josephine, and the children of my son Samuel, my homestead, to them and their assigns forever, share and share alike." Held, that the children of Samuel took *per stirpes*, and not *per capita*.

It is a sound rule that when a devise or legacy is given to heirs or their representatives, the general principles governing the descent of estates should be applied, unless a different intention appears. The statute of distribution governs in all cases where there is no will; and where there is one, and the testator's intention is in doubt, the statute is a safe guide.

Precedents are entitled to but little weight in the construction of wills, where the cases are not precisely analogous.

PETITION to the superior court for the sale of certain real estate held by the parties as tenants in common and for the distribution of the proceeds of the sale ; involving the construction of the will of Sarah A. Lyon under which all the parties held as devisees ; reserved upon facts found for the advice of this court. The case is sufficiently stated in the opinion.

*Carter*, for the petitioners.

*Loomis*, with whom was *Ferris*, for the respondents.

CARPENTER, J. This is a petition for the sale of certain real estate owned by the parties as tenants in common. The prayer of the petition was granted in the superior court and the property has been sold. The question now before the court relates to the distribution of the proceeds. The petitioners, four in number, claim that each of them is the owner of one-seventh part ; while the respondents claim that all the petitioners are entitled to one-fourth part only. To determine which is correct it is necessary to put a construction upon the will of Sarah A. Lyon, deceased, through which both parties claim title. That will contains the following provisions :—" I give and bequeath to my daughter Josephine Lyon the use and income of my house and homestead where I now reside during the life time of my mother Mary Mills. I give, devise and bequeath to my daughter Josephine Lyon the right and privilege to pass and repass through the driftway between the store and my premises, to her and her heirs and assigns forever. I give, devise and bequeath to my three daughters and the children of my son Samuel A. Lyon, viz. ; to Mary F. Acker, wife of Abram Acker, Susan E. Voorhis, wife of William Voorhis, Josephine Lyon, and the children of my son Samuel A. Lyon, my house and homestead where I now reside, to them and their assigns forever, share and share alike. I order and direct that those I have given my house and homestead to, pay to my daughter Sarah Perry, wife of Eli W. Perry, the sum of ten dollars, and to my son Samuel

A. Lyon the sum of ten dollars, to be paid to them within one year after my decease."

The petitioners are the children of Samuel A. Lyon, and the respondents are the other devisees, to whom the homestead, being the property in question, was devised. If the petitioners take under the will *per capita*, then each is entitled to one-seventh part; but if they take *per stirpes*, then each is entitled to one-sixteenth part.

It is claimed that we can only give effect to the words " share and share alike " by holding that the petitioners take *per capita*. Had the testatrix simply designated all the devisees by name it would be difficult to resist this claim; but she names her three daughters, and then adds " and the children of my son Samuel A. Lyon." The names and number of these children do not appear in the will. They are referred to only *as a class;* a fact which seems to indicate that she intended to make all the grandchildren only equal to one of the daughters. At least it seems to us that this view of the case gives effect to the words in question as well as the other. If so they do not require us to adopt the construction contended for by the petitioners.

The effect of such a construction would be to give to the children of Samuel four-sevenths of the property devised, and to the three daughters the remaining three-sevenths.

That the testatrix intended to discriminate against her daughters, and in favor of her son's children, will certainly not be presumed; and when we look at the language of the will or the circumstances of the case we fail to discover anything to indicate the existence of any such intention. Had she made her son the devisee it would require clear and unmistakable language to give him four-sevenths of the property. Has she done any more or did she intend to do any more than to give the father's share to the children? We think not.

Again, the claim of the respondents is in accordance with the general laws of distribution. We think it a sound rule that when a devise or legacy is given to heirs or their representatives, courts will apply the general principles governing the descent of estates, unless a contrary intention appears.

The statute of distribution governs in all cases where there is no will; and where there is one, and the testator's intention is in doubt, the statute is a safe guide.

We do not think the case of *Lord* v. *Moore*, 20 Conn., 122, inconsistent with the views here expressed. We should not hesitate to follow that decision in cases precisely analogous; but we think that case is easily distinguished from this. In that case the four children of the testator as well as the wife were named, and specific legacies given to each. Then there was an additional devise to be equally divided between the wife and the children. The court held that the wife under the latter provision took one-fifth and not one-half. To give that case a controlling influence in this would lead us one side of the obvious intention of the testatrix. Perhaps there is no class of cases where precedents have so little weight as in the construction of wills. A recent writer on this subject has well remarked: " Precedents ought never to be allowed an arbitrary and unbending control of any case not precisely analogous, we might say not strictly identical. And while all analogies however remote must be and should be allowed to have their just and proper weight, and the more weight in proportion to the nearness of the analogy, in determining future cases, we ought never to forget that mere analogies never rise above the character of assistants. We should not therefore allow ourselves to become slaves to them." Redfield on Wills, 423.

The superior court should therefore be advised that the petitioners take *per stirpes*, each being entitled to one-sixteenth part of the property in question.

In this opinion the other judges concurred; except Mc-Curdy, J., who dissented. *old curmudgeon*