A will provided that, after the death of a daughter, the principal of a fund of which she had received the income for life should be equally divided among testator's daughters that should be then living, and the issue of any daughter that might have died leaving issue, such issue to take his parent's share. The beneficiary died. *Held*, that the descendants of a daughter who died before the testator took nothing.

2. SAME—ISSUE.

Where a will provided for a division of a fund among the issue of testator's daughters, "issue" meant descendants, and those representing a deceased daughter took per stirpes.

In the matter of the judicial settlement of the accounts of the United States Trust Company of New York, successor of a trust created under the will of Eliphalet Wheeler, deceased. Decree rendered.

The first codicil contained the following provision: "Third. I direct my said executors to invest out of the proceeds of the sale of my real estate a sum of money sufficient to produce an annual interest or income of five hundred dollars, and apply said interest or income to the use of my daughter Emily A. Spencer so long as she shall remain sole and unmarried, and upon her marriage or decease to pay and divide the said principal sum equally to and among my said daughters that shall then be living and the issue of such of my said daughters as may have then died leaving issue, such issue to take the share their parent would have taken if living." A fund of $10,000 was set apart by the executors, and the $500 annuity paid to Emily A. Spencer, the beneficiary, until her death, without issue, March 22, 1900. She left no issue. On the 29th of March, 1901, the present trustee was appointed to administer the trust and distribute the trust fund. No objections to the account were presented, and the only question to be determined is the meaning of the word "issue" in the codicil. At the time of the testator's death he had eight daughters. A ninth daughter had died before him, leaving two children, who still survive. Of the other seven daughters, only two survived the beneficiary, Mrs. Yost and Mrs. Wells. Five daughters had died, and their stocks are represented by children, grandchildren, and great-grandchildren.

Edward W. Sheldon, for trustees.

James T. Lee, special guardian, for Clarence B. Caldwell, infant.

Abel Crook, for Florence W. B. Platt.

THOMAS, S. The interest of each remainder-man in the fund set apart for the trust created by the testator for the benefit of his daughter Mrs. Spencer during her life consisted in a right to share in the distribution and division which the trustee was directed to

make on the death or remarriage of Mrs. Spencer. Such interests were therefore contingent upon the existence of such remainderman when the time for distribution arrived. In re Crane, 164 N. Y. 71, 58 N. E. 47. The assignees of Caroline E. Sullivant and of Mary S. Allen will therefore take nothing. The word "issue," in its general sense, imports descendants to an indefinite degree. When used in relation to the word "parent," it has been sometimes construed as synonymous with "children," but this rule of construction has not always been followed, and when applied to wills easily yields to slight considerations of probable testamentary intention. Trust Co. v. Tobias, 21 Abb. N. C. 392, 4 N. Y. Supp. 211; Soper v. Brown, 136 N. Y. 244, 32 N. E. 768, 32 Am. St. Rep. 731. I conclude that, as used and intended by the testator in this case, the word "issue" means "descendants," and that in the division now about to be made the eldest living representatives of the stock of each of the testator's eight daughters, referred to by him as my "said daughters," and thus excluding the descendants of the daughter who predeceased him, are entitled to share; those representing a deceased daughter taking per stirpes, and not per capita. The decree proposed will be corrected to meet this view, and again noticed for settlement.

Decreed accordingly.