JAMES D. FREUND, RESPONDENT, v. EMILIE SCHILLING ET AL., DEFENDANTS, LAURA M. PARKS ET AL., APPELLANTS.*

Kansas City Court of Appeals. May 21, 1928.

*Corpus Juris-Cyc References: Wills, 40 Cyc, p. 1383, n. 71; p. 1398, n. 47; p. 1486, n. 49; p. 1493, n. 7.

Henry P. Lay, Robert W. Hedrick and Donald S. Lamm for respondent.

A. L. Shortridge for appellant.

BLAND, J.—This is a suit brought by plaintiff, as trustee under the will of Martin Mahnken, deceased, seeking direction from the court as to in what manner to dispose, under the will, of a fund in his hands as such trustee. The court construed the will contrary to the contention of some of the defendants and they have appealed.

The facts show that Martin Mahnken died testate at Salt Lake City, Utah, in September, 1925, leaving a will, one of the provisions of which reads as follows:

"I give and bequeath to James D. Freund, of Cole Camp, Missouri, the sum of nine thousand dollars and I direct my executor to pay him said sum, for which his receipt shall be a full discharge, provided however, he shall receive said sum in trust for prompt distribution as follows: One thousand dollars to himself and the balance in equal shares to the living lawful issue of my brother, Henry Mahnken, and my sister, Anna Mahnken Grother."

Plaintiff, as trustee under said will, will receive from the executor of the estate of Martin Mahnken, deceased, the sum of $8680, after therefrom the $1000 due him, a fund of $7680 will be left for distribution among the defendants. Plaintiff has already received ninety-six per cent of the amount to be paid him.

At the time the will was made, Henry Mahnken and Anna Mahnken Grother were dead and at that time and at the time of the trial the following named children of Henry Mahnken were living; Anna Kieffer, Claus P. Mahnken, John H. Mahnken and Lena Junge. Said Henry Mahnken was the father of three other children who died before the making of the will, these children were Amelia Buehler whose only child, Hillard Buehler, was alive at the time of the trial, and Henry Mahnken, Jr., whose only child, Olin Mahnken, was alive at the time of the trial, and Maggie Michaelis who left nine children all of whom were living at the time of the trial, namely, Anna Newman, Laura M. Parks, Nettie E. Eickhoff, Henry G. Michaelis, Leon A. Michaelis, Leoda Weber, Genevieve McMillan, A. S. Michaelis and Aurelia Stretz. Anna Mahnken Grother, who pre-deceased the testator, left four children living at the time of the trial; Emelie Schilling, Sena C. Colcleugh, Caroline Freund and Samuel L. Grother.

The defendants, Anna Kieffer, Claus P. Mahnken, John H. Mahnken and Lena Junge filed a joint answer contending that the fund should be divided in eleven equal parts, one part to go to each of the said four surviving children of Henry Mahnken and one part each to Hillard Buehler and Olin Mahnken, the latter two being grandchildren of the said Henry Mahnken. The defendants, Anna Newman, Laura M. Parks, Nettie E. Eickhoff, Henry G. Michaelis, Leon A. Michaelis, Leoda Weber, Genevieve McMillan, A. S. Michaelis and Aurelia Stretz, being the nine appellants herein, filed an answer contending that the fund should be divided equally or *per capita* between all of the children and grandchildren of Henry Mahnken and Anna Mahnken Grother. Defendant, Olin Mahnken, filed an answer contending, as he was the only child of Henry L. Mahnken, Jr., deceased, the latter being a son of Henry Mahnken, that under the provisions of the laws of the State of Utah, the domicile of the testator, which laws were pleaded by him, he was entitled to take his share of the estate by representation, which would be the share that his father would have been entitled to were he living. The answer of the defendants, Hillard Buehler, through his guardian *ad litem*, stated that he was an infant and prayed the court to safeguard his interest in the cause. Emelie Schilling, Sena C. Colcleugh, Caroline Freund and Samuel L. Grother, filed an answer contending that the fund should be divided into eight equal parts, each of said defendants receiving an eighth part.

The court entered a decree adjudging that after paying plaintiff the sum of $350 out of the fund for expenses and attorney's fee in bringing the suit, the balance of the fund be divided in eleven equal parts and that each of the following defendants receive one part: Emelie Schilling, Sena C. Colcleugh, Caroline Freund, Samuel L.

Grother, Claus P. Mahnken, Anna Kieffer, John H. Mahnken, Lena Junge, Olin Mahnken, Hillard Buehler, and that the nine appellants, being the sons and daughters of Maggie Michaelis, the other one-eleventh part, or that each of these appellants should receive a one-ninety-ninth part of the fund left after paying plaintiff the sum of $350 for expenses and attorney's fee.

Appellants insist that the court erred in holding that they should take only the part of their deceased mother, Maggie Michaelis; in other words, *per stirpes* or by representation, and not *per capita* along with the other defendants. In the construction of the will of Martin Mahnken, deceased, the laws of the State of Utah govern, the will not having disclosed that the testator had in mind the laws of any other jurisdiction. [40 Cyc. 1382, 1383; Jones v. Park, 282 Mo. 610, 628, 629.]

Chapter 2 concerning "Interpretation of Wills" of the Laws of Utah (2 Compiled Laws of Utah, 1917) provides as follows:

Sec. 6347. "A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

Sec. 6349. "In interpreting a will subject to the law of this State, the rules prescribed by the following sections of this chapter are to be observed unless an intention to the contrary *clearly* appears." (Italics ours.)

Sec. 6364. "A testamentary disposition to 'Heirs,' 'relations,' 'nearest relations,' 'representatives,' 'Legal representatives,' or 'personal representatives,' or 'family' 'issue,' 'descendants,' 'nearest' or 'next of kin,' of any person, without other words of qualification. and when the terms are used as words of donation, and not of limitation, vests the property in those who would be entitled to succeed to the property of such person, according to the provisions on succession in this title."

Sec. 6365. "The terms mentioned in the next preceding section are used as words of donation, and not of limitation, when the property is given to the person so designated directly, and not as a qualification of an estate given to the ancestor of such person."

Sec. 6367. "A testamentary disposition to a class includes every person answering the description at the testator's death; but when the possession is postponed to a further period, it includes also all persons coming within the description before the time to which possession is postponed."

Chapter 4 of the Laws of Utah (2 Compiled Laws of Utah, 1917) concerning "succession" provides as follows:

Sec. 6408. "When a person having title to any estate not otherwise limited by marriage contract dies without disposing of the es-

tate by will, it is succeeded to and must be distributed, unless otherwise expressly provided in this title,. or in the probate code, subject to the payment of his debts, in the following manner:

"1. If the decedent leave a surviving husband or wife, and only one child, or the issue of one child, in equal shares to the surviving husband or wife, and child or issue of such child; if the decedent leave a surviving husband or wife, and more than one child living, or one child living and the issue of one or more deceased children, one-third to the surviving husband or wife, and the remainder in equal shares to his children, and to the issues of any deceased child, by right of representation; but if there be no child of decedent living at his death, the remainder goes to all of his lineal descendants; and if all of the descendants are in the same degree of kindred to the decedent, they share equally, otherwise they take according to the right of representation; provided, that the share in the legal and equitable estates in real property of which an intestate husband died possessed, secured by this section to his widow, shall not be additional to the interest in such estate provided for her in #6406.

"2. If the decedent leave no surviving husband or wife, but leave issue, the whole estate goes to such issue, and if such issue consists of more than one child living, or one child living and the issues of one or more deceased children, then the estate goes in equal shares to the children living, or to the child living, and the issue of the deceased child or children by right of representation."

There is no question but that under these provisions of the Laws of the State of Utah appellants should take *per stirpes* and not *per capita.* In the case of In re Poppleton's Estate, 34 Utah, 285, it was held that the provisions of the statutes of Utah, which we have quoted, are not to be applied unless the language used by the testator is not clear; that if it be clear, no rule of construction is needed in order to ascertain the intention of the testator and the statute has no application.

The word "issue" as used in wills is an ambiguous term. [Trust Co. v. Dudley, 104 Maine, 297.] It is conceded that the words as used in the will in question includes all of the defendants. However, the will does not indicate in what manner the "issue" are to take unless the words "in equal shares" throw some light upon the subject, a matter that hereinafter will be discussed. There is no way of ascertaining the intention of the testator in reference to the manner in which the "issue" shall take without resorting to rules of construction. Unless the words "in equal shares" found in the will, throw some light on the question, even without the Laws of the State of Utah, we would construe the will as the statutes of that State have provided, following the weight of authority in this country. [See

40 Cyc. 1492, 1493; Jackson v. Jackson, 153 Mass. 374; Trust Co. v. Dudley, supra; Kidwell v. Ketler, 146 Calif. 12; Burch, exor., v. Burch, 23 Ga. 536; Coates v. Burton, 191 Mass. 180; Wright v. Gaskill, 74 N. J. Eq. 742; Keystone Watch Co. v. Romero, 73 N. Y. Supp. 635; Lewis v. Claiborne, 26 Amer. Decs. 270.] There is nothing in the case of Macguire v. Moore, 108 Mo. 267, contrary to the rule we have applied in this case. [See 33 C. J., pp. 820, 824.]

It is true that the will provides that the balance of the fund should be distributed *"in equal shares* to the living issue," etc. However, we do not think that the clause "in equal shares" necessarily resolves the uncertainty in this will in favor of the *per capita* rule of distribution. Even with this clause in the will it is ambiguous. Were we to resort to rules of construction, other than those laid down by Statutes of Utah, we would probably resolve that ambiguity in favor of a distribution upon a *per capita* basis (See Auger v. Tatham, 191 Ill. 296; Kalbach v. Clark, 133 Iowa, 215; Doherty v. Grady, 105 Me. 36; Scudder v. Vanarsdale, 13 N. J. Eq. 109; Bisson v. West Shore R. R. Co., 143 N. Y. 125; Mills v. Thorn, 95 N. C. 362; Mooney v. Purpus, 70 Ohio Sta. 57; Ramsey v. Stephenson, 34 Ore. 408; Parrott v. Barrett, 70 S. C. 195; Walker v. Webster, 95 Va. 377), although there is ample authority upon which to decide the ambiguity in favor of the *per stirpes* rule. That is to say, that the testator therein having used in the will terms not fully explained, he will be deemed to have had the statute in mind. [Lyon v. Acker, 33 Conn. 222; Thomas v. Miller, 161 Ill. 60; Fisher v. Skillman, 18 N. J. Eq. 229; Hoch's Estate, 154 Pa. 417.] In the case of Hall v. Hall, 140 Mass. 267, 271, it was said that the provision of the will that the property should go "at the decease of such surviving daughter . . . to the issue or children of my said two daughters . . . who then may be living to be equally divided among all such issue or children, share and share alike" did not "necessarily mean that *each of such issue shall have an equal share with every other*, or with a child. *It is satisfied if all such issue share in a division which is equal as between* the living children and *the issue of deceased children taking per stirpes.*" (Italics ours.) [See, also, Coates v. Burton, supra, l. c. 182.] The lack of harmony among the authorities on the subject tends strongly to show that the language in the will *"in equal shares to the living lawful issue"* is lacking in clearness and we, therefore, resort to the Statutes of Utah in order to arrive at a correct solution of the subject.

Should the *per capita* theory of distribution be adopted, it would result in the nine appellants, who were offspring of but one of the children of deceased's brother and sister, getting nearly one-half of the fund while Henry Mahnken and Anna Mahnken Grother had eleven children between them. In other words, the nine appellants,

while representing but one of the eleven children of Henry Mahnken and Anna Mahnken Grother, would be getting practically as much as the other ten children and their descendants. There certainly would be little equality in this and it is not at all probable that the testator meant to bring about any such result. We do not think that the fact that Henry Mahnken and Anna Mahnken Grother were dead at the time the will was made throws any light on the exact matter in controversy.

The judgment is affirmed. *Arnold, J.*, concurs; *Trimble, P. J.*, absent.

