The CENTRAL TRUST BANK,
Respondent,

v.

Lynn Berry STOUT, James M. Berry, and Mike Berry, Respondents,

v.

Scott Matthew STOUT, Christopher William Stout, Elizabeth Ann Berry, Janet Kathleen Berry, and the Known and Unknown Heirs of the Body of Virginia Lee Berry Barbarick, Deceased, Appellants.

No. KCD 29970.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Richard R. Nacy, Jr., Jefferson City, for appellants.

Carson, Monaco, Coil, Riley & McMillin, P. C., William C. Lane, Jefferson City, for respondents.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Central Trust Bank sought a declaratory judgment for the purpose of identifying the "bodily heirs" of Virginia Berry Barbarick. The court determined the heirs were the three children of Virginia, and the four grandchildren of Virginia appeal.

On this appeal it is contended the court erred in not construing the testamentary trust to include the grandchildren of Virginia who were the great-grandchildren of the testatrix. Affirmed.

Susie Williams executed her will in 1948 after it had been drafted by her attorney. The will established a trust for Susie's daughter, Virginia Lee Berry, and provided for the distribution of the income from the trust until the death of Virginia. At that time the will provided:

Upon the death of my daughter, Virginia Lee Berry, my said trustee is authorized and directed to pay such sums as in his discretion are advisable concerning burial of the body of Virginia Lee Berry, and shall distribute any balance of my estate in equal shares to the bodily heirs of my daughter, Virginia Lee Berry, absolute and in fee simple to do with as they see fit.

Susie died in 1949 survived by her only child, Virginia Lee Berry. At that time Virginia had one child, James. Subsequently, Virginia had two more children, Lynn Berry Stout and Michael A. Berry. Virginia was later divorced and married Barbarick. Virginia died in 1977, at which time her son James had two children, Elizabeth and Janet, and her daughter Lynn had two children, Christopher and Scott. Michael was unmarried and had no children.

After the death of Virginia, Central Trust Bank, trustee of the testamentary trust, filed this action for a declaratory judgment to determine the persons to whom it should make distribution as constituting the "bodily heirs" of Virginia and in what proportion such distribution should be made. The court appointed a guardian ad litem for the four minor grandchildren of Virginia who filed an answer on their behalf contending they were included within the "bodily heirs" of Virginia and entitled to equal shares along with the three children of Virginia. The three children also filed an answer alleging they were the only "bodily heirs" of Virginia and were entitled to the distribution of the estate in equal shares but the four grandchildren of Virginia were not entitled to take anything.

The court held only the three children of Virginia constituted her "bodily heirs" and were thus entitled to an equal share in the

distribution of the trust estate and the grandchildren of Virginia were not entitled to any interest. The guardian ad litem for the grandchildren of Virginia perfected this appeal.

■ It is contended the court did not give effect to the intent of Susie that would indicate the great-grandchildren of Susie and grandchildren of Virginia should be included within the class of "bodily heirs" of Virginia. The term "bodily heirs" is a technical one. It is well settled that, " '[w]ords with a well-known technical meaning should be construed according to their technical meaning unless a contrary meaning clearly appears from the context of the will.' " *St. Louis Union Trust Co. v. Kaltenbach*, 353 Mo. 1114, 186 S.W.2d 578, 582[2, 3] (1945).

■ While the phrase "bodily heirs" is found in the trust provision of Susie's will, "[t]he rules of construction applied to wills generally are also used in the case of testamentary trusts." *First National Bank of Kansas City v. Hyde*, 363 S.W.2d 647, 653[7] (Mo.1962).

The guardian ad litem does not point to any language in Susie's will indicating an intent that the technical term "bodily heirs" not be taken · in its technical meaning. Rather, the argument is that if Susie had meant to exclude her great-grandchildren and limit the distribution after the death of Virginia to the children of Virginia, she could have used the term "children" instead of the term "bodily heirs". However, the rules of construction require the technical term "bodily heirs" to be taken in its technical meaning unless the contrary appears. Since nothing to the contrary appears, then the technical meaning of "bodily heirs" must be applied.

■ Powell on Real Property, Volume 3, ¶ 373, p. 274 gives the definition of heirs of the body as follows:

The present-day primary meaning of the term "heirs of the body" connotes those lineal descendants of the designated ancestor, who, under the applicable local law would succeed to the property if such

ancestor died owning the property and intestate at the time when the group of takers is to be ascertained in accordance with the rules discussed in ¶ 375.

The same definition is given in Restatement of Property, § 306.

■ The same definition in essence was adopted by the Supreme Court in *Miller v. Ensminger*, 182 Mo. 195, 81 S.W. 422, 425 (1904) when the court quoted a North Carolina case defining bodily heirs "as meaning that class of persons who by law take property by inheritance or succession from another." The same definition was quoted from Thompson on Wills, Second Edition (1936) § 271, p. 350 in *Godsey v. Godsey*, 531 S.W.2d 547, 550, n.4 (Mo.App.1975). As used in the definition quoted from *Powell*, the ancestor in this case would be Virginia. *Powell* at ¶ 375, p. 255 states ·that the ascertainment of those who constitute "bodily heirs" is made by applying the relevant statute of intestate succession at the time of death of the designated ancestor. Thus, in this case, the persons constituting Virginia's bodily heirs would be determined by applying § 474.010(2)(a), RSMo 1969, at the time of Virginia's death in 1977. Under that section, the only persons entitled to share in Virginia's estate were her children.

The foregoing result reached by applying the technical meaning of the phrase "bodily heirs"· complies with the rule of construction stated in *Merchantile Trust Co., N. A. v. Davis*, 522 S.W.2d 798, 807[5] (Mo. banc 1975) that "in the absence of an expressed intent to the contrary, children are not to compete with or share with their living parents." In this case there is nothing in Susie's will to indicate that she wanted her great-grandchildren to compete with her grandchildren, their parents; therefore, the phrase bodily heirs is to be taken in its technical sense. Thus construed, the "bodily heirs" of Virginia at her death were her three children, and under the laws of intestacy they share equally.

The trial court was correct in declaring this result and in holding that Virginia's four grandchildren were not included with-

in the definition of "bodily heirs". The judgment is affirmed.

All concur.